Timothy W. McKeon
Meghan M. Doud
McKEON DOUD, P.C.
60 Four Mile Drive, Suite 11
Post Office Box 7878
Kalispell, Montana 59904
Telephone: (406) 755-7600
Facsimile: (406) 755-7670
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| STEVE SHEPPARD,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and DOES 1-10,<br><br>   Defendants. | Cause No: _____<br><br>**COMPLAINT** |

**COMES NOW**, Plaintiff, by and through his undersigned attorney, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. At all material times herein, Plaintiff, Steve Sheppard (hereinafter referred to as "Steve"), was an individual residing in Kalispell, Montana.

2. Upon information and belief, at all material times herein, Defendant, Northwest Community Health Center (hereinafter referred to as "NCHC"), was a federal agency organized under the United States Department of Health and Human Services and was deemed a health center program grantee under U.S.C. 254b, and deemed a Public Health Service employee under 42 U.S.C. 233 (g)-(n) and was tasked with managing and maintaining this federally-owned facility in Libby, Montana.

*Complaint - Sheppard v. United States of America*          McKEON DOUD, P.C.
                                                            Post Office Box 7878
                                                            Kalispell, Montana 59904
                                                            Telephone:(406) 755-7600

Page 1 of 7

3.  Upon information and belief, at all material times herein, Defendant, Joseph Chopyak, P.A., was employed with the Northwest Community Health Center, and is deemed a Public Health Service employee under U.S.C. 233(g)-(n).

4.  Plaintiff complied with, and exhausted, all administrative remedies under the Federal Tort Claims Act.  Plaintiff put the Department of Health and Human Services on notice of his claim, on or about July 17, 2014.  The Department of Health and Human Services failed to respond to Plaintiff's claim on or before the statutory, six-month deadline, as set forth in 28 U.S.C. § 2675.  Therefore, Plaintiff is now entitled to file suit against the United States of America.

5.  This Court has diversity jurisdiction over this matter, pursuant to 28 U.S.C.A. § 1332(a)(2), and venue is proper, as the negligent acts, errors and/or omissions complained of herein occurred entirely within the State of Montana between a United States citizen and a federal governmental agency.  Furthermore, Plaintiff reasonably believes that the amount in controversy exceeds $75,000.00.

6.  At all material times herein, John Does 1-10 are additional individuals, whose exact identities are not known at this time, but who were responsible for the injuries complained of herein.  This Complaint will be amended, under the appropriate rules, to specifically identify John Doe Defendants as their individual identities are ascertained.

## FACTUAL BACKGROUND

7.  Plaintiff reasserts and incorporates by reference all of the allegations set forth in paragraph 1-6 above.

8.  On June 13, 2012 Steve was seen by his primary care PA Joseph Chopyak for follow up of his right foot infection as well as his poorly-controlled diabetes.

9.  Mr. Sheppard was complaining of significant amount of right foot drainage but was not having much pain.

*Complaint - Sheppard v. United States of America*        McKEON DOUD, P.C.
Post Office Box 7878
Kalispell, Montana 59904
Telephone:(406) 755-7600

Page 2 of 7

10. Exam of the foot at this visit revealed significant erythema and edema, draining from two open wounds.

11. Mr. Chopyak debrided the dermis and noted deep fluctuance and during the probing the wound "felt like it extended likely in the fascia."

12. A culture was taken of the drainage.

13. Mr. Chopyak noted that Mr. Sheppard had no pain during the debridement and probing of the foot.

14. Mr. Chopyak was concerned with the significance of the infection and was concerned about the potential loss of the foot.

15. Despite his concerns regarding potential loss of the foot, he sent Mr. Sheppard home with antibiotics and asked him to return to the clinic in one week.

16. Culture results a few days later were such that Mr. Chopyak changed the antibiotic from Bactrim DS to Clindamycin.

17. At the follow up appointment on June 20, 2012 Mr. Chopyak mentioned that at the previous office visit the erythema and edema extended into Mr. Sheppard's entire lower leg. Mr. Sheppard was complaining of copious amounts of drainage at this time so much so that he had a hard time keeping bandages clean. Exam of the foot at this time was as follows:

> "There is a generalized infection-related odor to the foot. His bandage and oversock are soaked with seropurulent fluid. There is much less swelling of the lower leg and ankle, but it is immediately evident there is now extension of infection into the second, third and fourth toes with transmetatarsal regional involvement due to a large amount of edema and redness as well as sloughing of macerated tissue through the entire region. The plantar surface of the foot still remains plum colored and it is still draining fluid from the most distal ulcer. There is more superficial exfoliation of the plantar aspect. The callus of the plantar distal metatarsal region is macerated and with scrubbing appears to extend into the fat pad. The second-4th toes are grossly exfoliating. Scrubbing removes several layers of skin. The web spaces are macerated and third and fourth spaces are open and draining. The second web space has notable maceration with necrotic skin that I did not

*Complaint - Sheppard v. United States of America*          McKEON DOUD, P.C.
Post Office Box 7878
Kalispell, Montana 59904
Telephone:(406) 755-7600

Page 3 of 7

aggressively scrub due to firmness of the tissue but also concern to worsen exposure to deep tissue. It should be noted that with the scrubbing and sharp debridement of the devitalized tissue, Steve experienced no pain, which is concerning to me."

18. At this time Mr. Chopyak finally decided that the significant infection he had been treating for one week was more than he was able to care for on his own and referred Mr. Sheppard to an orthopedic surgeon.

19. The following day on June 21, 2012, Mr. Sheppard was emergently admitted to KRMC after an MRI revealed gas gangrene of the right foot.

20. Mr. Sheppard ultimately underwent transmetatarsal amputation on June 21, 2012 and had to undergo another surgical debridement of the foot on June 27, 2012 as well as a percutaneous tendon Achilles lengthening of the right foot.

21. Mr. Sheppard remained on IV antibiotics for six weeks.

22. During his hospital stay he developed acute renal failure which fortunately resolved.

23. Currently he walks with a painful limp because of his partial amputation of the right foot and this is causing pain in his back and hips.

## COUNT I
**Medical Negligence - United States of America**

**(Joseph Chopyak, PA)**

24. Plaintiff reasserts and incorporates by reference all of the allegations set forth in paragraphs 1 through 23 above.

25. Defendant owed Mr. Sheppard a duty to recognize and conform to the standard of care with regards to the diagnosis and treatment of Mr. Sheppard's medical condition.

26. Defendant, Joseph Chopyak, PA-C, breached the standard of care by: 1) knowing Mr. Sheppard was at risk of losing his foot on June 13, 2012 and

*Complaint - Sheppard v. United States of America*     McKEON DOUD, P.C.
Post Office Box 7878
Kalispell, Montana 59904
Telephone:(406) 755-7600

Page 4 of 7

neglected to act accordingly; and 2) allowing the infection to become so severe the foot had to amputated.

27. Mr. Sheppard has suffered damages as a result of Defendant's failure to adhere to the applicable standard of care in his treatment of Mr. Sheppard.

28. Defendant's breach was a direct and proximate result of the damages suffered by Mr. Sheppard.

## COUNT II
## Medical Negligence - United States of America
### (Northwest Community Health Center)

29. Plaintiff reasserts and incorporates by reference all of the allegations set forth in paragraphs 1 through 28 above.

30. Defendants owed Mr. Sheppard a duty to recognize and conform to the standard of care with regards to the diagnosis and treatment of Mr. Sheppard's medical condition.

31. Joseph Chopyak, PA-C breached the standard of care by:1) knowing Mr. Sheppard was at risk of losing his foot on June 13, 2012 and neglected to act accordingly; and 2) allowing the infection to become so severe the foot had to amputated.

32. Defendant, NCHC, was negligent in their supervision of Joseph Chopyak, PA-C.

33. Mr. Sheppard has suffered damages as a result of Defendants' failure to adhere to the applicable standard of care in the treatment of Mr. Sheppard.

34. Defendants' breach was a direct and proximate result of the damages suffered by Mr. Sheppard.

## COUNT III
## Negligent Infliction of Emotional Distress - All Defendants

35. Plaintiffs reasserts and incorporates by reference all of the allegations set forth in paragraphs 1 through 34 above.

*Complaint - Sheppard v. United States of America*            McKEON DOUD, P.C.
                                                              Post Office Box 7878
                                                              Kalispell, Montana 59904
                                                              Telephone:(406) 755-7600

36. By way of Defendants' negligent acts and/or omissions, Mr. Sheppard has suffered severe emotional distress.

37. Mr. Sheppard's severe emotional distress was a reasonably foreseeable consequence of Defendants' negligent acts and/or omissions.

38. The severe emotional distress experienced by Mr. Sheppard was so severe that no reasonable person could be expected to endure it.

39. Mr. Sheppard has suffered damages as a result of the severe emotional distress that he has experienced.

**WHEREFORE**, Plaintiff prays for damages as follows:

    a.    For an award of his special damages in an amount to be proven at the time of trial;

    b.    For an award of his general damages, in an amount to be proven at the time of trial;

    c.    For an award of all costs incurred in this litigation;

    d.    For an award of post-judgment interest for the maximum allowable amount under Montana law;

    e.    For an award of Plaintiff's reasonable attorneys fees, if allowable; and

    f.    For such other just and equitable relief that this Court deems necessary and proper.

DATED this  5th  day of May, 2015.

McKEON DOUD, P.C.

/s/ Meghan M. Doud
Meghan M. Doud
McKeon Doud, P.C.
60 Four Mile Drive, Suite 11
Post Office Box 7878
Kalispell, Montana 59904
Telephone: (406) 755-7600

*Complaint - Sheppard v. United States of America*      *McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*

Page 6 of 7

Facsimile: (406) 755-7670
meghan@mckeondoudlaw.com
*Attorney for Plaintiff*

*Complaint - Sheppard v. United States of America*

*McKEON DOUD, P.C.*
*Post Office Box 7878*
*Kalispell, Montana 59904*
*Telephone:(406) 755-7600*